IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 17, 2000

## Hagan Paul Roberts v. State of Tennessee

**Appeal from the Criminal Court for Sullivan County**
**No.  C42,903, Phyllis H. Miller, Judge**

_____

**No. E2000-00007-CCA-R3-PC**
**January 17, 2001**
_____

Hagan Paul Roberts (herein petitioner) appeals the dismissal of his petition for post conviction relief.  The petitioner claims his trial counsel was ineffective for failing to interview and call two witnesses to testify at the trial.  The trial Court found that the petitioner did not inform his trial counsel of these witnesses and dismissed the petition.  We affirm the trial Court.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Criminal Court; Affirmed.**

WILLIAM B. ACREE, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and DAVID H. WELLES, JJ., joined.

David N. Darnell, for the appellant.

Paul G. Summers, Attorney General & Reporter; Stephen Jobe, Counsel; H. Greenley Wells, Jr., District Attorney General; J. Lewis Combs, Assistant District Attorney,  for the appellee, State of Tennessee.

**OPINION**

The petitioner was convicted of reckless aggravated assault by the display and use of a deadly weapon.  He was sentenced as a Range II Multiple Offender to seven years imprisonment. His conviction was affirmed by this Court.  See State v. Hagan Paul Roberts, II, CCA No. 03C01-9707-CR-00259 (Tenn.Crim.App., Knoxville, May 24, 1999).

The petitioner timely filed a petition for post-conviction relief claiming ineffective assistance of trial counsel.  He alleged his trial counsel was ineffective in two respects:  (1) he failed to interview and call a witness who allegedly would have been an alibi witness; and (2) he failed to

interview and call the petitioner's son who allegedly would have testified that the victim fell down a flight of stairs a day prior to the alleged assault.

The trial judge found that neither the petitioner nor anyone else told the petitioner's trial counsel of these witnesses, and, consequently, the trial counsel could not have known of their existence. In making this determination, the trial judge weighed the credibility of the witnesses and determined that the trial counsel was a credible witness and that the petitioner was not. The trial Court concluded that because the trial counsel did not know of these witnesses, there was no deficiency in failing to call them as witnesses. The trial Court dismissed the petition.

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). This Court may not reweigh or reevaluate the evidence as to purely factual issues. Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial Court, not this Court. Burns, 6 S.W.3d, at 461. The burden of establishing that the evidence preponderates otherwise is on petitioner, 960 S.W.2d, at 579.

The transcript of the evidence at the original trial is a part of the post-conviction record. That evidence was summarized in the opinion affirming the conviction:

> The victim, Teresa Gillenwater, was the defendant's girlfriend. She described their 3 1/2 year relationship as stormy and believed it was nearly over when the assault occurred. Although the couple once lived together, they maintained separate residences at the time of the incident.
>
> On the evening of May 1, 1996, the victim called the defendant and asked him to come to her apartment to discuss his courtship of another woman. The victim testified that she had several drinks of vodka waiting for the defendant. The defendant arrived around midnight and entered the victim's bedroom where she was sleeping. They began arguing about the woman the defendant was supposedly seeing. The defendant attempted sexual intercourse, but the victim resisted by scratching him. The defendant then punched the victim, knocking her down. When she attempted to get up using a cane, the defendant grabbed it and began to strike the victim with the cane. The victim apparently lost consciousness during the incident. She testified that the next thing she remembered was waking up the following morning with the defendant still in her apartment. After having consensual sexual intercourse with the victim that morning, the defendant showered and left.
>
> The victim did not initially intend to seek medical attention for the injuries she received in the incident. However, the following evening

she lost vision in her left eye and it became very painful. Her daughter took her to the emergency room. Hospital personnel called the police after seeing the victim's injuries. Kingsport police officers questioned the victim at length and took photographs of her injuries. Her face and neck were bruised, and she had multiple linear marks on her back consistent with being struck with a cane.

State v. Hagan Paul Roberts, CCA No. 03C01-9707-CR00259..

At the post-conviction hearing, the petitioner testified he was with Jeff Bailey and Bailey's girlfriend on the night of the crime between the hours of 8:00 p.m. and 12:00 p.m.. He testified that he told his trial counsel of this. The petitioner did not testify at the original trial.

Jeff Bailey testified at the original trial and at the post-conviction hearing. At the original trial, Bailey said that he was with the petitioner on the night of the crime between the hours of 9:00 p.m. and midnight. The only other person who was with them was a person named Sierra West. At the post-conviction hearing, Bailey denied that his girlfriend was with them on the night of the crime and thus refuted the petitioner's claim that she was there. Bailey also testified that he could not remember if Sierra West was present.

Sierra West testified at the original trial. She was not asked whether she was with the petitioner and Bailey on the night of the crime.

At the post-conviction hearing, the petitioner also testified that he told his trial counsel his son had witnessed the victim falling down steps on April 30th. His contention is that the victim's injuries resulted from this incident rather than from an assault by him on the next day.

The petitioner's son testified at the post-conviction hearing. He testified that on April 30th that he was watching television and heard a crash. He then observed the victim lying at the foot of the stairs and concluded that she had fallen down the steps. He did not look close enough to determine if she had visible injuries, and he did not take her to the doctor. He does not remember the victim making any comments to him.

The petitioner's trial counsel testified at the post-conviction hearing that the petitioner did not tell him of the alleged alibi witness nor did the petitioner tell him that his son had witnessed the victim falling down a flight of stairs.

The petitioner offered the only evidence that these two witnesses existed and that his trial counsel knew of them. The claim regarding the alibi witness was refuted by defendant's trial counsel and by Jeff Bailey. The claim regarding the petitioner's son was refuted by the defendant's trial counsel. Furthermore, the petitioner's son did not testify that the victim was injured in the fall, and his testimony would not have negated the evidence of the assault.

In summary, we hold that the record fully supports the findings of the trial court that the petitioner's trial counsel did not know about these witnesses.

The petitioner raises a second issue. He contends that the trial Court erred in denying the petitioner a continuance of the post-conviction hearing and that the case should be remanded to the trial Court to allow the petitioner to engage in additional investigation and to introduce additional evidence. The petitioner asserts that he did not learn the name and address of Jeff Bailey's girlfriend until Bailey testified at the post-conviction hearing. When he elicited this information from Mr. Bailey on the witness stand, he asked for a continuance to allow him to interview the girlfriend. The trial Court denied the request and correctly held that the issue was whether petitioner's trial counsel knew of this witness and failed to call her and not whether this person existed. This issue is without merit.

In conclusion, we hold that the petitioner has failed to carry the burden of establishing that the evidence preponderates against the findings of the trial court. The dismissal of the petition for post-conviction relief is affirmed.

_____
WILLIAM B. ACREE, JR. SPECIAL JUDGE